**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEBORAH K. PUESCHEL** | ) |
| **7645 Sentry Oak Circle East** | ) |
| **Jacksonville, FL 32256** | ) |
| | ) **Civil Action No.** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ELAINE CHAO, in her official capacity as** | ) |
| **Secretary, Department of Transportation,** | ) |
| **1200 New Jersey Ave, S.E.** | ) |
| **Washington, D.C.  20590** | ) |
| | ) |
| **and** | ) |
| | ) |
| **U.S. Department of Labor** | ) |
| **200 Constitution Ave N.W.** | ) |
| **Washington, D.C.  20210** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**COMPLAINT FOR RELIEF FROM EMPLOYMENT DISCRIMINATION**
**AND CONSTITUTIONAL VIOLATIONS BY A FEDERAL AGENCY**

**I.  NATURE OF THE CASE**

1.  This action alleges that Defendant Chao ("Defendant FAA") discriminated against Plaintiff because of her gender, her disabilities, her prior protected EEO activity, and her protected efforts to run for election to the U.S. House of Representatives.

2.  Plaintiff was declared by the Defendant Department of Labor ("Defendant OWCP") to be disabled for further employment by Defendant FAA in 1998, based on injuries she sustained during a pattern of sexual harassment directed against her by

employees of Defendant Chao.  Plaintiff suffers from asthma, fibromyalgia, Sarcoidosis, and mitral valve prolapse, in addition to the conditions accepted by OWCP: anxiety, chronic fatigue, chronic pain, back and neck injuries. Following repeated efforts by Defendant FAA to have Plaintiff's disability benefits curtailed, Defendant FAA finally succeeded in having the Defendant OWCP  reduce those benefits, pointing to Plaintiff's unsuccessful campaigns for Congress. After Defendant OWCP found that Plaintiff had partially recovered from her disabilities, Defendant FAA nevertheless refused to accommodate or rehire her.

3.  As a result of Defendant FAA's actions, Plaintiff – whose disabilities have not improved – has been injured financially and emotionally, for which she seeks restoration to the rolls, back pay, and damages and reconsideration of Defendant OWCP's decision to reduce her benefits because she ran for Congress.

## II.  JURISDICTION AND VENUE

4.  The Court has jurisdiction over this action pursuant to Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e-16(c); the Rehabilitation Act, as amended, 29 U.S.C. § 794a; and 28 U.S.C. § 1331 (federal question arising under the Constitution).

5.  Venue is appropriate in this Court because the decisions at issue were made by Defendant in Washington, D.C.

## III.  DESCRIPTION OF THE PARTIES

6.  Plaintiff is a female citizen of the United States and a resident of the State of Florida.  Between 1974 and 1994, Plaintiff worked for Defendant FAA as an Air Traffic Controller at the Washington Air Traffic Control Center in Leesburg, Virginia.  In 1998, Defendant OWCP granted Plaintiff's application for disability (worker compensation) benefits and Defendant terminated her employment for medical inability to perform her duties.  Plaintiff has been receiving federal disability benefits ever since.

7.  Defendant Chao is the Secretary of Transportation, of which the Federal Aviation Administration is a part.  She is named in her official capacity as the head of the Agency, as required by Title VII. 42 U.S.C. § 2000e-16(c).

8.  Defendant U.S. Department of Labor is a federal agency, of which the Office of Worker Compensation is a part.

## IV.  STATEMENT OF THE FACTS

9.  Plaintiff joined the Federal Aviation Administration (FAA) in 1973, and in 1974 she was among the first female Air Traffic Controller trainees at the Washington Air Route Traffic Control Center ("the Center") in Leesburg, Virginia.

10.  In January 1980, Plaintiff initiated an EEO complaint in which she alleged a pattern of sexual harassment by her male FAA colleagues at the Center.

11.  In addition, Plaintiff began to experience a number of physical and emotional issues, most stemming from her work at the Center.

12.  In May 1981, Plaintiff fell at work and experienced injuries to her back and neck.  Plaintiff filed a claim for worker compensation with the Department of Labor's Office of Worker Compensation (OWCP).

13.  Between May and July 1981, Plaintiff had 21 doctors' appointments.

14.  In June 1981, Plaintiff filed suit in the Eastern District of Virginia alleging sexual harassment and reprisal.

15.  In August 1981, the Professional Air Traffic Controllers Organization (PATCO), of which Plaintiff was a member, engaged in an illegal strike against the United States.

16.  Plaintiff called in sick – she was experiencing back pain – and did not report for work.  Plaintiff was fired in September 1981 for participating in the strike.  Defendant thereupon contested Plaintiff's OWCP claim from May 1981, informing OWCP that Plaintiff was being fired for striking.

17.  Plaintiff appealed her removal to the U.S. Merit Systems Protection Board (MSPB).

18.   In February 1982, trial was held on Plaintiff's sexual harassment and reprisal claims in the Eastern District of Virginia.  Following a bench trial,[1] the trial judge entered a verdict in favor of Defendant.

19.   Plaintiff appealed, and in June 1983, the U.S. Court of Appeals for the Fourth Circuit reversed and held that Plaintiff had been the victim of sexual harassment. *Katz v. Dole*, 709 F.2d 251 (4th Cir. 1983).

20.   Three months later, in September 1983, the MSPB reversed Plaintiff's removal, finding that she called in sick during the strike and citing the physical and emotional injuries she experienced from the sexual harassment as found in the Fourth Circuit decision.

21.   Plaintiff filed several additional EEO complaints against Defendant FAA in 1990, 1992, 1997, and 2001.

22.   In 1994, Plaintiff had an anxiety attack at work and did not return.  Plaintiff filed a claim of work-related injuries with OWCP.

23.   In September 1998, OWCP granted Plaintiff's claims for benefits for her injuries related to her anxiety and physical injuries stemming from her employment: anxiety, chronic fatigue, chronic pain, back and neck injuries.

_____

[1] Jury trials were not available until 1991, when Congress provided for compensatory damages as relief in Title VII claims. 42 U.S.C. § 1981a(b)(3).

24.  In January 1999, Defendant terminated Plaintiff's employment on the ground she could no longer work as an Air Traffic Controller.  Plaintiff's appeal of her termination was unsuccessful.

25.  Since 1998, Plaintiff has been receiving OWCP benefits for anxiety and physical injuries resulting from her federal employment.

26.  Under the federal OWCP system, OWCP benefits paid to eligible persons are paid by their federal employer for whom they worked when they were injured.

27.  In 2000-2004 and 2012-2016, Plaintiff ran unsuccessfully for the House of Representatives from Jacksonville, Florida.

28.  In 2012, Defendants began questioning whether Plaintiff could run for the Congress while receiving OWCP benefits.

29.  On or about January 18, 2016, Plaintiff received a letter from her OWCP attorney, indicating that the FAA had written to OWCP challenging Plaintiff's eligibility for OWCP disability benefits if she could run for Congress.  The FAA's letter, dated October 9, 2015, had not been sent to Plaintiff or received by the OWCP attorney.

30.  The FAA's October 9, 2015 letter states, in relevant part:

> Ms. Pucschel demonstrated, and continues to demonstrate, the ability to run for elective office. . . . Her actions in this regard disprove Dr. Leonard Hertzberg's contention . . . "that Ms. Pueschel is 'permanently disabled' and that 'it is doubtful that she will be able to work in any (emphasis added) capacity'.

31.   In or around mid-January 2016, OWCP reduced Plaintiff's benefits and declared she was now capable of working full time as a "customer service representative."

32.   On March 1, 2016, Plaintiff contacted an EEO counselor at the FAA to complain about the FAA's efforts to deprive her of her disability benefits.

33.   By letter dated April 9, 2016, Plaintiff informed the FAA that her disability benefits had been reduced and that she had been cleared by OWCP to work full time. Plaintiff asked the FAA – as a qualified individual with a disability under the Rehabilitation Act of 1974, as amended – to be returned to work, preferably to work in the FAA Historian's office.

34.   By letter dated April 15, 2016, the FAA advised Plaintiff that her letter was a matter for Human Resources.  To date, Plaintiff has received no response to her request for a position at the FAA.

35.   On July 29, 2016, undersigned counsel received a Notice of Right to File EEO Complaint from the FAA, indicating that counseling had finished and Plaintiff had 15 days in which to file an EEO complaint.

36.   On August 8, 2016, Plaintiff  timely filed her EEO complaint.

37.   By letter which counsel received on August 23, 2016, Defendant dismissed Plaintiff's EEO complaint.  The letter identified two issues in the complaint: (1) that

Plaintiff was denied leave buy back in 1999, which the Agency dismissed as untimely; and (2) that OWCP reduced Plaintiff's benefits, which the Agency dismissed as a collateral attack on another Agency's actions.

38.  On September 15, 2016, Plaintiff timely appealed the Agency's dismissal of her complaint to the EEOC's Office of Federal Operations (OFO).  In the same appeal, Plaintiff requested an extension to file her brief in support of the appeal.  OFO granted the extension.

39.  On October 31, 2016, Plaintiff timely filed her brief in support of her appeal. In her brief, Plaintiff argued that 1) she was not challenging the Agency's failure to process leave buy back in 1999, but was using that fact as background evidence; and 2) she was not challenging OWCP's decision to reduce her benefits, but the FAA's raising this issue with OWCP and its failure to hire her after OWCP declared her eligible for full time work.  Plaintiff also argued that if the FAA had questions about the issues Plaintiff was raising in her complaint, it should have asked her to explain the issues.

40.  On December 5, 2016, Plaintiff received OFO's decision affirming the Agency's dismissal of her EEO complaint.

41.  On December 27, 2016, Plaintiff timely asked the EEOC to reconsider OFO's decision.

42.  On April 3, 2017, Plaintiff received the EEOC's decision declining to reconsider OFO's earlier decision.  According to the EEOC's decision, it is the final administrative decision on Plaintiff's complaint.

43.  Plaintiff is timely filing this action within 90 days of her receipt of the EEOC's final administrative decision, and she has exhausted her administrative remedies. 42 U.S.C. § 2000e-16(c).

## CLAIMS FOR RELIEF

### COUNT 1 – REPRISAL

Plaintiff incorporates paragraphs 9 - 43, above, and alleges the following.

44.  Plaintiff has engaged in activity that is protected by Title VII and the Rehabilitation Act, *i.e.*, filing EEO complaints alleging gender and disability discrimination.

45.  Defendant FAA succeeded in reducing Plaintiff's disability/worker compensation benefits by repeatedly complaining to OWCP that Plaintiff was no longer disabled because she was able to run for Congress.

46.  Defendant FAA was motivated to reduce Plaintiff's disability/worker compensation benefits as reprisal for her protected EEO activity in violation of 42 U.S.C. § 2000e-16(a) and 29 U.S.C. § 794a(a)(1).

### COUNT 2 – DISABILITY DISCRIMINATION

Plaintiff incorporates paragraphs 9 - 43, above, and alleges the following.

47.  Plaintiff is a qualified individual with disabilities, whom OWCP has determined is capable of resuming full-time work.

48.  Plaintiff informed her former employer, the FAA, that she has been determined able to work, and she asked that she be hired for a position commensurate with her disability.

49.  Defendant FAA's failure even to respond to Plaintiff's request constitutes a violation of the Americans with Disabilities Act Amendment Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794a.

## COUNT 3 – VIOLATION OF THE FIRST AMENDMENT

Plaintiff incorporates paragraphs 9 - 43, above, and alleges the following.

50.  In October 2015, Defendant FAA notified Defendant OWCP that Plaintiff was not disabled as evidenced by her candidacy for Congress.

51.  Every person over the age of 25 who has been a citizen of the United States for seven years and of the state in which they reside is qualified to run for the House of Representatives without penalty. U.S. Constitution, Article I, section 2, cl. 2.

52.  Defendant FAA's request and Defendant OWCP's decision to reduce Plaintiff's worker compensation benefits because she ran for Congress violates Plaintiff's First Amendment right to run for Congress without penalty.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Court:

1.  Issue a verdict finding that Defendant FAA violated Plaintiff's rights to be free from discrimination and reprisal when it notified OWCP that Plaintiff's worker compensation benefits should be reduced.

2.  Issue a verdict finding that Defendant FAA violated Plaintiff's right to be free from disability discrimination when it declined to respond to Plaintiff's request to be returned to duty after OWCP declared able to return to work.

3.  Issue a verdict finding that Defendants violated Plaintiff's First Amendment right to run for Congress without suffering a reduction of her worker compensation benefits based on the injuries she experienced while a federal employee.

4.  Award Plaintiff $300,000 in compensatory damages for the injuries she experienced because of Defendants' actions as enumerated in this Complaint.

5.  Award Plaintiff a position with Defendant FAA retroactive to her April 9, 2016 letter to the FAA seeking such a position.

6.  Remand OWCP's decision reducing Plaintiff's worker compensation benefits with instructions to redecide the issue without regard for Plaintiff's candidacy for Congress.

7.  Award Plaintiff reasonable attorney fees and expenses.

8. Award Plaintiff any other relief to which she may be entitled under the law.

**Jury Demand**

Plaintiff demands a jury for all issues triable to the jury.

**Verification**

Under penalty of perjury, I swear that the foregoing statements of fact are true and correct to the best of my knowledge and belief.

6/29/2017

Date

Deborah K. Pueschel

Deborah K. Pueschel

- 12-

Respectfully submitted,


\s\ *George Chuzi*

_____
George M. Chuzi, Esq.  D.C. Bar 336503
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
1901 L Street, N.W. Suite 610
Washington, D.C. 20036
Tel: (202) 331-9264
FAX: (1) (866) 455-1504

Counsel for Complainant